JOHN A. GRIMES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 744–83.     Filed February 6, 1984.

John A. Grimes, pro se.
*John B. Franklin*, for the respondent.

OPINION

FAY, *Judge*: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:

| Year | Deficiency | Sec. 6651(a)[1] addition to tax | Sec. 6653(a) addition to tax | Sec. 6654(a) addition to tax |
|------|-----------|-------------------------------|------------------------------|------------------------------|
| 1977 | $7,102.00 | $1,775.50 | $355.10 | $227.26 |
| 1979 | 6,969.12 | 1,742.28 | 348.46 | 292.70 |
| 1980 | 4,949.48 | 1,237.37 | 247.47 | 316.76 |

The issues are (1) whether wages received by petitioner constitute gross income under section 61(a);[2] (2) whether petitioner is liable for additions to tax under section 6651(a); (3) whether petitioner is liable for additions to tax under section 6653(a); (4) whether petitioner is liable for additions to tax under section 6654(a); and (5) whether the statute of limitations bars the assessment of the deficiency and addition to tax for 1977.

The facts have been fully stipulated and are so found.

Petitioner John A. Grimes resided in El Cajon, Calif., when the petition was filed herein.

During the years in issue, petitioner worked for the following electric companies from whom he received wages as shown:

| | 1977 | 1979 | 1980 |
|------|------|------|------|
| El Cajon Electric Co. | $21,450 | $28,597 | $19,730 |
| Owl Electric, Inc. | 370 | --- | --- |
| Southland Electric, Inc. | --- | --- | 3,504 |
| Total wages | 21,820 | 28,597 | 23,234 |

He also received interest totaling $18 and $11 in 1977 and 1979, respectively, and dividends totaling $38 in 1980. Peti-

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] In his brief, petitioner did not argue that the interest and dividends he received were not income. Even if he had, however, it is clear that both interest and dividends constitute gross income under sec. 61(a).

tioner did not have any Federal income tax withheld from his wages nor did he pay any estimated tax during the years in issue.

Petitioner did not file a return for any of the years in issue. In his notices of deficiency, respondent determined that petitioner had taxable income of $27,430, $27,608, and $22,272 for 1977, 1979, and 1980, respectively. Respondent also asserted additions to tax under sections 6651(a), 6653(a), and 6654(a).

The first issue is whether wages received by petitioner constitute gross income under section 61(a). Petitioner bears the burden of proving that respondent's determinations with respect to his wages are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111 (1933). Petitioner has failed to provide any evidence to disprove respondent's determinations. He simply presented this Court with frivolous contentions that merit no discussion. See *Rowlee v. Commissioner*, 80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983); *Hallock v. Commissioner*, T.C. Memo. 1983-684. Thus, we sustain respondent's deficiency determinations that petitioner's wages constitute gross income under section 61(a).

The next two issues are whether petitioner is liable for additions to tax for failure to file timely income tax returns and for negligence under sections 6651(a) and 6653(a), respectively. Petitioner also bears the burden of proof on these issues. Rule 142(a); *Fischer v. Commissioner*, 50 T.C. 164 (1968); *Enoch v. Commissioner*, 57 T.C. 781 (1972). Since petitioner did not present any evidence with respect to these issues, we sustain the additions to tax under sections 6651(a) and 6653(a).

The fourth issue is whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated tax. When there has been a failure to pay or an underpayment of estimated tax, this particular addition is mandatory and no inquiry is made as to possible reasonable cause or lack of willful neglect. *Bagur v. Commissioner*, 66 T.C. 817, 824 (1976). Since petitioner failed to pay any estimated tax and no taxes were withheld from his wages during the years in issue, we sustain the additions to tax under section 6654(a).

The fifth issue is whether the statute of limitations bars the assessment of the deficiency and addition to tax for 1977. Since petitioner did not file a return for 1977, the statute of

limitations had not expired when respondent sent to petitioner a notice of deficiency for 1977. Sec. 6501(c)(3). Thus, respondent is not barred from assessing the deficiency and addition to tax for 1977.

Finally, we must determine whether damages should be awarded to the United States under section 6673.[3] For cases commenced in this Court before January 1, 1983, section 6673 allowed this Court to award the United States up to $500 in damages whenever it appeared to the Court that the proceedings before it had been "instituted by the taxpayer merely for delay." On several occasions, we took the opportunity to warn taxpayers that if they continued to bring frivolous cases, serious consideration would be given to imposing damages under section 6673. See *Hatfield v. Commissioner*, 68 T.C. 895, 899–900 (1977).[4] When taxpayers continued to present frivolous arguments, we began awarding damages under section 6673 thus making it clear that the time to act had arrived. See *Greenberg v. Commissioner*, 73 T.C. 806, 813–816 (1980); *Wilkinson v. Commissioner*, 71 T.C. 633, 639–643 (1979). Nevertheless, this Court continued to be inundated with an ever increasing number of "tax protester" cases.

In an effort to strengthen this Court's ability to "stem the tide" of frivolous cases, Congress recently amended section 6673 to allow this Court to award damages of up to $5,000 in cases commenced after December 31, 1982. Sec. 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97–248, 96 Stat. 574. The section, as amended, provides that the Court may award damages when the proceedings have been instituted by the taxpayer primarily for delay, when the taxpayer's position in the proceedings is frivolous or groundless, or when the taxpayer has *maintained* the action primarily for delay. Thus, a taxpayer who unknowingly institutes a frivolous proceeding will be subject to the imposition of damages under

---

[3]Since the petition herein was filed with this Court on Jan. 11, 1983, the amended version of sec. 6673 is applicable. Sec. 6673 now provides:

Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

[4]See also *Clippinger v. Commissioner*, T.C. Memo. 1978–107.

section 6673 if he thereafter becomes aware that his position is frivolous and yet continues to pursue it.

In the instant case, petitioner's conduct clearly compels us to award damages under section 6673. This is the second time petitioner has been before this Court arguing that wages are not income.[5] Having lost that case and having been apprised by this Court that wages are in fact taxable as income, he nevertheless commenced this action after December 31, 1982, and presented the same frivolous arguments. Petitioner has thereby abused the process of this Court and wasted its resources. Accordingly, pursuant to section 6673, we hereby award the United States damages of $2,500.

To reflect the foregoing,

*Decision will be entered under Rule 155.*[6]

---

[5]See *Grimes v. Comissioner*, T.C. Memo. 1979–514, dated Dec. 26, 1979.

[6]A computation under Rule 155 is necessary because the parties have stipulated that petitioner's 1977 wages were less than the amount asserted in the notice of deficiency.

