HARVEY J. GREEN and LINDA GREEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Green v. Commissioner
Docket No. 7267-83.
United States Tax Court
T.C. Memo 1985-200; 1985 Tax Ct. Memo LEXIS 429; 49 T.C.M. (CCH) 1320; T.C.M. (RIA) 85200; April 25, 1985. *429 Held: (1) Respondent's Motion for Summary Judgment and Imposition of Damages Under I.R.C. § 6673 is granted; (2) petitioners are not entitled to deductions claimed on their 1979, 1980 and 1981 returns for charitable contributions to the Universal Life Church; (3) petitioners are liable for additions to tax pursuant to I.R.C. § 6653(a); and (4) damages are awarded to the United States pursuant to I.R.C. § 6673. Harvey J. Green, pro se. Kathleen L. Midian, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on Respondent's Motion for Summary Judgment and Imposition of Damages Under I.R.C. § 6673. [1] *430 Pursuant to our April 2, 1985 Order directing petitioners to file a response to the Motion on or before April 12, 1985, petitioners filed a two-sentence handwritten document which reads, in its entirety: "Respondent's Motion on March 22, 1985 for Summary Judgment should not be allowed. The trial date has been set and the case status report was returned to respondents counsel [2] requested." For convenience our Findings of Fact and Opinion are combined. Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1979
$2,883.00
$144.15
1980
3,192.00
159.60
1981
4,159.00
207.95
50% of the interest
due on the
underpayment caused
by negligence
These deficiencies are premised on respondent's disallowance in each of the years in issue of petitioners' purported charitable contributions to the Universal Life Church, Inc. in Modesto California ("Modesto Universal Life Courch"). The petition alleges that petitioners had made, and provided adequate substantiation of, charitable contributions to the Modesto Universal Life Church in the amounts of $14,852.50, $15,922.50 and $21,545.00 in 1979, 1980 and 1981, respectively [3] and that said church was a qualified exempt organization. By reference to the statutory notice of deficiency, respondent's answer [4] reasserts that *431 the contributions are disallowed since "[i]t has not been established that contributions were paid during the taxable years or if paid that they met the requirements of Section 170 * * *." We must first decide whether, as respondent asserts, he is entitled to summary judgment as a matter of law. If summary judgment is appropriate, we must then decide: (1) Whether petitioners are entitled to charitable contribution deductions pursuant *432 to section 170 in each of the years in issue; (2) whether petitioners are liable for additions to tax pursuant to section 6653(a); and (3) whether an award of damages pursuant to section 6673 is merited. Certain facts and documents are not disputed. In addition to the pleadings, the parties' oral stipulation and exhibits [5] received during trial on February 15, 1984 [6] *433 and Respondent's Request for Admissions, [7] which are deemed admitted pursuant to Rule 90(c), constitute the facts used for purposes of this decision. Rule 121(b). [8] Petitioners resided in Vernon Hills, Illinois, when the petition was filed in this case. During the years in issue, Harvey J. Green was employed as an engineer. During 1979 and 1980, Linda Green was a housewife and during 1981 she was employed *434 by the Special Education District of Lake County. Petitioner Harvey J. Green became a "minister" in 1979 and, on June 24, 1979, petitioners started a congregation of the Universal Life Church, Inc. located at their former residence. As stated in the Charter of petitioners' local congregation, no agency relationship existed between said congregation and the Modesto Universal Life Church but the local congregation was authorized "to open a bank account in the name of the Universal Life Church, Inc." Pursuant to this authorization, petitioners opened a checking account in the name of the Universal Life Church, Inc. Checks written on this account during the years in issue were signed by petitioners. [9] *435 Petitioners made mortgage payments and paid for utilities, homeowner's insurance, carpeting and other home improvements with checks written on their "church" account. [10] Checks were also regularly drawn on "church" account to: Department stores; petitioners; cash; magazine, book and record club subscriptions; banks and other clearly personal creditors. [11] All funds deposited in the local congregation's bank account by petitioners during 1979, 1980 and were claimed *436 as charitable contribution deductions on Schedule A of their Federal tax returns. In 1979, in addition to cash, petitioners claimed a charitable contribution deduction of $6,273.00 for a new Chevrolet Impala station wagon they purchased and ostensibly "contributed" on May 1, 1979. Interestingly, this car was titled and registered in the name of the Universal Life Church, Inc. addressed at petitioners' residence although no chapter existed at that residence until June 24, 1979. Throughout the years in issue, this automobile remained in petitioners' possession and control. Petitioners' claimed charitable contribution deductions represented 45 percent of petitioners' adjusted gross income in 1979 ($15,240.00 of $33,769.74), 47 percent in 1980 ($16,044.50 of $34,480.82) and 46 percent in 1981 ($20,245.00 of $44,029.00). [12]
Rule 121 provides that a decision for summary *437 judgment will be rendered if the pleadings and other acceptable materials before the Court "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In this case respondent, as the moving party, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to petitioners. Jacklin v. Commissioner,79 T.C. 340, 344 (1982). Under Rule 121(d)8 however, the mere denial of respondent's allegations is insufficient to defeat the Motion for Summary Judgment. Rather, petitioners must set forth specific facts showing there is a genuine issue for trial.They have failed to do this. Therefore, on the record before us we hold that Respondent's Motion for Summary Judgment and Imposition of Damages Under I.R.C. § 6673 should be granted. Section 170(a) allows as a deduction any charitable contribution that is made during the taxable year. However, deductions are a matter of legislative grace, and petitioners must satisfy the specific requirements of, and bear the burden of proving they are entitled to, the deductions they claim. Deputy v. du Pont,308 U.S. 488 (1940); *438 New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Thus, petitioners must prove that they made charitable contributions in the years in issue to organizations qualifying under the statute and that no individual, including themselves, personally benefited from said contributions. Petitioners state in their petition that the charitable contributions in issue were made to "the Universal Life Church Inc. in ModestoCalifornia." The uncontroverted facts establish, however, that said contributions were to the checking account of the local Universal Life Church chapter that petitioners started and controlled, not to the Modesto organization. While petitioners correctly assert that the Modesto "church" was a qualified exempt organization during the years in issue, [13] *439 this Court has repeatedly held that said exemption was not a group exemption and did not extend to the autonomous local chapters or congregations. Davis v. Commissioner,81 T.C. 806, 815 (1983), on appeal (9th Cir. June 25, 1984). [14]
Petitioners also could not secure a deduction under section 170 by showing that their local chapter independently was qualified as an eligible recipient of deductible charitable contributions. A prerequisite to such deduction is that the gift, i.e., contribution, be unconditional and that the donors surrender dominion and control over the subject matter of the gift. Davis v. Commissioner,supra at 817; Seed v. Commissioner,57 T.C. 265, 275 (1971); DeJong v. Commissioner,36 T.C. 896, 899 (1961), affd. 309 F.2d 373 (9th Cir. 1962). Petitioners deposited their "contributions" into a bank account set up by them and, over which they had complete dominion and control. They could, and did, disburse monies to whomever they chose, including themselves. Since petitioners did not relinquish their right to control this account *440 or the 1979 automobile, we find that no bona fide gift was made. An additional prerequisite to deduction of their charitable contributions is that no part of said "contributions" inured to the benefit of any private person, including petitioners. Section 170(c)(2)(C). The automobile "contributed" by petitioners in 1979 was thereafter in their possession and control. During the years in issue, funds "contributed" by petitioners were used for a variety of their personal expenses including mortgage payments, utilities, insurance and magazine and book subscriptions. Such use of the automobile and the funds "contributed" by petitioners clearly constitutes benefits inuring to petitioners. Having directly benefited from their purported contributions, petitioners are not entitled to a deduction under section 170. Respondent also determined that petitioners are liable for additions to tax pursuant to section 6653(a) for negligence or intentional disregard of rules and regulations. Petitioners bear the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). We have repeatedly sustained section 6653(a) additions to tax in cases of this type. See Davis v. Commissioner,supra, at 820-821 *441 and cases cited therein at n. 12 and cases cited herein at n. 14. Nothing in the record indicates that petitioners' underpayments were not due to negligence or intentional disregard of the rules and regulations. We do not agree that petitioners Harvey J. Green, an engineer, or his wife Linda Green sincerely thought they could claim charitable contribution deductions for amounts deposited in a checking account they used to pay part of their personal living expenses. Therefore, we conclude that the section 6653(a) additions to tax are fully justified. We further find that the entire underpayment of tax in 1981 is due to negligence. Consequently, respondent's claim for an addition to tax pursuant to section 6653(a)(2) for 1981 is sustained. The final issue we must address is respondent's request for damages pursuant to section 6673. Since the petition herein was filed in 1983, we are authorized to award damages of $5,000 for proceedings instituted or maintained primarily for delay or where the taxpayers' position is frivolous or groundless. After commencing this proceeding, petitioners consistently refused to respond to respondent's discovery requests. Their reluctance to meaningfully *442 prepare for trial indicates their purpose in initiating this proceeding was primarily to delay resolution of their tax liability. It is also clear that petitioners continued to maintain this proceeding for purposes of delay after they were explicitly advised by respondent that if they continued on their chosen course an award of damages would be sought pursuant to section 6673. Petitioners were, on December 18, 1984, provided with the text of section 6673 and a copy of our opinion in Snodgrass v. Commissioner,T.C. Memo. 1984-435 and referred to Davis v. Commissioner,supra.Thereafter, they could not have proceeded in good faith.Even if a taxpayer institutes a groundless lawsuit out of ignorance, if it is shown that he "thereafter becomes aware that his position is frivolous and yet continues to pursue it," he will be subject to imposition of damages under § 6673. Grimes v. Commissioner,82 T.C. 235, 238 (1984). Petitioners' ill-chosen course has required the unnecessary expenditure of time and resources by this Court and respondent.The record of this proceeding fully supports an award to the United States in the amlunt of $5,000.00 in damages prusuant to section 6673. An appropriate *443 order and decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. 2. This reference is apparently to the status report filed by respondent since, despite a specific order, petitioners failed to file either a status report or trial memorandum.↩
3. The disallowed charitable contributions specified in the petition are inconsistent with those claimed in petitioners' returns or the contributions disallowed in the statutory notice of deficiency. Respondent disallowed contributions of $15,240.00, $15,969.00 and $20,187.60 in 1979, 1980 and 1981, respectively. ↩
4. This case was originally filed as a "small tax case." During the trial on February 15, 1984, petitioners' oral motion for continuance and to change from the small tax cases category to a regular case was granted after an oral stipulation of facts had been made and certain exhibits received. Respondent's Answer was timely filed on May 17, 1984 and, there being no Reply, the pleadings closed. The instant Motion is, therefore, timely. Rule 121(b).↩
5. The exhibits are: Copies of petitioners' 1979, 1980 and 1981 Federal income tax returns; a copy of the January 5, 1983 statutory notice of deficiency; a copy of a certificate styled "UNIVERSAL LIFE CHURCH MONASTERY ULC MEMBERSHIP COUNSELOR," dated July 26, 1979; a copy of petitioners' congregation of the Universal Life Church, Inc. Charter; and schedules of checks written by petitioners during 1979, 1980 and 1981 on the checking account opened by them in the name of their local Universal Life Church congregation. ↩
6. At petitioners' request, their case was continued, in part, to provide them an opportunity to be represented by legal counsel. Although more than a year has passed since the continuance was granted, no entry of appearance by counsel on petitioners' behalf has been entered. Petitioner Harvey J. Green continues to represent petitioners despite his statements during trial that he "was not prepared for the procedures" of this Court and knew he needed legal counsel. 7. All of the documents attached to Respondent's Request for Admissions were exhibits received in evidence during the trial on February 15, 1984. ↩
8. In conjunction with Respondent's Motion for Summary Judgment and Imposition of Damages Under I.R.C. § 6673↩, respondent filed an affidavit of Kathleen L. Midian, respondent's counsel, who has custody and control over the Commissioner of Internal Revenue's administrative files, and a number of exhibits. These exhibits include: The petition; the Answer; Respondent's Request for Admissions with attachments; and a copy of a letter from respondent to petitioners dated December 18, 1984.
9. We cannot explain how the sum of the checks written on this account exceeds the contributions claimed by petitioners in each of the years in issue. We are, however, constrained from finding a deficiency greater than that determined by respondent. 10. As to their housing expenses, petitioners assert that, on May 1, 1979, the Board of Directors of their local Universal Life Church congregation, of which both petitioners were members, elected petitioner Harvey J. Green minister and authorized payment of said minister's housing expenses. Petitioners made no attempt to explain how payment of their personal housing expenses by the local congregation could be authorized 2 months before said congregation existed. Given our ruling on Respondent's Motion for Summary Judgment, however, we need not resolve this error in petitioners' chronology. ↩
11. Checks were also drawn to Universal Life Church each year, to the Hawthorne Jewish Congregations in 1980 and to the Hebrew Memorial Park in 1981 which may represent deductible charitable contributions. However since petitioners did not raise these payments in their pleadings, at trial or in response to the Motion for Summary Judgment, their deductibility is not in issue.↩
12. Respondent allowed petitioners' charitable contribution deductions of $75.50 in 1980 and $57.40 in 1981. At trial, respondent conceded that petitioners were also entitled to a charitable contribution deduction of $32.50 in 1979. Said concession requires a recomputation pursuant to Rule 155 for the 1979 taxable year.↩
13. Under date of September 4, 1984, the Internal Revenue Service revoked its prior determination that the Universal Life Church, Inc. was a qualified organization under sec. 170(c)(2). Announcement 84-90, 1984-36 I.R.B. 32↩. 14. See also Gaster v. Commissioner,T.C. Memo. 1984-590; Bradfield v. Commissioner,T.C. Memo. 1984-481; Kent v. Commissioner,T.C. Memo. 1984-451; Hoskinson v. Commissioner,T.C. Memo. 1984-400; Johnson v. Commissioner,T.C. Memo. 1984-164; Leslie v. Commissioner,T.C. Memo. 1984-61↩.