THOMAS R. ADAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 2578-84.
United States Tax Court
T.C. Memo 1985-294; 1985 Tax Ct. Memo LEXIS 339; 50 T.C.M. (CCH) 170; T.C.M. (RIA) 85294; June 19, 1985. Thomas R. Adams, pro se. Terence D. Woolston, for the respondent. FAY MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motion for summary judgment filed on December 18, 1984, pursuant to Rule 121. [1] Respondent's motion was calendared for hearing on February 26, 1985, at the trial session of the Court in Phoenix, Ariz. Respondent seeks summary judgment as *340 to deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
1978
$8,164.28
$649.72
$408.21
39.00
1979
8,462.54
1,874.95
423.13
305.00
In his notice of deficiency, respondent determined that petitioner had unreported income from wages as follows: Year
Wages
1978
$30,626.18
1979
32,137.58
The issues on respondent's motion are (1) whether petitioner is liable for the deficiencies determined by respondent for 1978 and 1979 and (2) whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654(a) for those years. At the hearing, respondent also orally moved for the Court to award damages to the United States under section 6673. Petitioner, Thomas R. Adams, resided in Mesa, Ariz., when he filed his petition herein. In his petition filed on January 31, 1984, petitioner challenged each of the foregoing *341 deficiencies in and additions to tax. Paragraph 5 of the petition reads as follows: A. The act of arbitrarily classifying Petioner's [sic] returns as improper is beyond the scope of the agent's authority and ability. B. That the agents actions in estimating Petioner's [sic] income were due to the agent's assumption that no return was filed. C. That the act of aribtrarily [sic] estimating Petitioner's income has the effect of injuring Petitioner solely because he claimed his constitutional rights. D. That the determination of the gross income and allocation was based on the arbitrary assumption of an agent of the Commissioner of the Internal Revenue, without verification or basis, that it was Petitioner's actual income and upon the erroneous assumption that Petitioner did not file a return. E. That the Delinquency Penalty, Section 6651(a) is arbitrarily asserted on the erroneous assumption Petitioner did not file a return. F. That the Negligence Penalty, Section 6653(a) was asserted arbitrarily and without basis. G. That the Estimated Tax Penalty, Section 6654(a) was asserted arbitrarily and without basis. H. That no expenses or exemptions were *342 allowed by respondent of known expenses or exemptions. I. Petitioner filed a return on or before the proper filing date for the years 1978, 1979. The Statutory notice of deficiency was issued on November 1, 1983, after the statute of limitations expired. Respondent filed his answer to the petition on April 2, 1984. Thus, respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). The burden of proving that there is no genuine issue of material fact is on the moving party. Espinoza v. Commissioner,78 T.C. 412, 416 (1982). However, if, in response to a motion for summary judgment, an adverse party rests upon the mere allegations or denials of his pleading and fails to set *343 forth specific facts showing that there is a genuine issue for trial, a decision may be entered against him. See Rule 121(d). Applying these standards to the deficiencies and additions to tax herein, we grant respondent's motion for summary judgment. Respondent has established that petitioner earned wages in 1978 and 1979 totalling $30,626.18 and $32,137.58, respectively. In addition, respondent has shown that petitioner filed Forms 1040 for 1978 and 1979 wherein he failed to provide any information concerning his income, deductions, or tax liability for those years. In response to a majority of the questions on the Form 1040 which he filed for 1978, petitioner inserted the phrase "Object-Self Incrimination." In response to a majority of the questions on Form 1040 which he filed for 1979, petitioner inserted an asterisk (*) which is explained on the bottom of such form to mean "[s]pecific objection is made under the 5th Amendment, U.S. Constitution and similiar [sic] objection is made to the question under the 1, 4, 7, 8, 9, 10, 13, 14, 16, Amendment." Furthermore, petitioner failed to appear at the hearing on respondent's motion. Petitioner's only response to *344 the motion for summary judgment was his "Motion in Opposition to Summary Judgment" wherein he simply advanced frivolous taxprotestor arguments, thereby failing to set forth specific facts showing there is a genuine issue for trial. Thus, although given ample opportunity by this Court, petitioner has failed to provide material facts to dispute respondent's factual allegations. He has simply limited himself to advancing various protestor-type arguments which merit no discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Accordingly, we conclude that no genuine issue as to any material fact remains with respect to respondent's deficiency determinations and additions to tax, and therefore respondent's motion for summary judgment shall be granted. The remaining issue is respondent's motion for the imposition of damages under section 6673. Section 6673 provides, as to cases commenced on or after January 1, 1983, [2] or if commenced prior thereto and pending as of November 15, 1984, that the Court may award damages of up to $5,000 to the United States when the proceedings have been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's *345 position in such proceedings is frivolous or groundless. In the instant case, petitioner's conduct compels us to award damages under section 6673. After receiving respondent's notice of deficiency, petitioner filed a petition with this Court wherein he simply accused respondent of acting in an arbitrary manner and asserted that his tax protester Forms 1040 constituted valid Federal income tax returns. Petitioner has failed to submit any evidence addressing or relating to the merits of the adjustments set forth in the notice of deficiency. Moreover, petitioner failed to appear at the hearing of respondent's motion, and in his "Motion In Opposition to Summary Judgment" he continued to present frivolous arguments. Thus, we are satisified petitioner knew that his arguments were frivolous, but, nevertheless, he wanted to abuse the process of this Court and waste its resources and those of respondent. See Grimes v. Commissioner.82 T.C. 235 (1984); Abrams v. Commissioner,82 T.C. 403 (1984). Accordingly, pursuant to section 6673, we hereby award the United States damages of $5,000.00. *346 [3]
An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner filed his petition on January 31, 1984.↩
3. Based upon the record herein and in view of the time spent by this Court alone, it is clear that the costs to the United States in processing this case far exceed $5,000.↩