STEVEN McCABE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCabe v. Commissioner
Docket No. 17929-85.
United States Tax Court
T.C. Memo 1986-533; 1986 Tax Ct. Memo LEXIS 73; 52 T.C.M. (CCH) 962; T.C.M. (RIA) 86533; November 4, 1986. Steven McCabe, pro se. Susan N. Wasko, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub.L. 99-514, section 1556, 100 Stat.    ) of the Code [1] and Rules 180, 181, and 182. Respondent issued two notices of deficiency in which the following deficiencies in Federal income taxes and additions to tax were determined against petitioner for the years indicated: Additions to Tax
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1981
$1,282.00
$320.50
$64.10
*
1982
$1,380.00
$345.00
$69.00 **
The issues are whether petitioner had unreported income from salaries or wages and *76 whether petitioner is liable for the additions to tax for the years in question. Respondent also moved for damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner's legal residence was Las Vegas, Nevada. During the two years at issue, petitioner was employed by the Whittlesea Blue Cab Company of Las Vegas, Nevada, as a taxicab operator. During 1981, petitioner admittedly earned $10,595.52 and during 1982, he admittedly earned $11,770.92 for his services as a taxicab operator. Petitioner filed no income tax returns for 1981 and 1982. Respondent issued the notices of deficiency in which it was determined that petitioner failed to report his earnings and, accordingly, the above deficiencies in income taxes and additions to tax were determined. Petitioner raises a number of what this Court has referred to as "protester type" arguments. For example, petitioner asserts (1) there is no definition of "income" in the Internal Revenue Code; (2) the filing of an income tax return is voluntary *77 and imposition of additions to tax, in effect, makes the filing of a return "mandatory;" (3) respondent has violated the Privacy Act of 1974; (4) respondent has not shown or established the liability of petitioner in accordance with law; (5) the determined deficiencies have never been assessed; and (6) wages do not constitute taxable income because petitioner had a basis in his labor equal to the amount he received for his services. OPINION Section 1(c) provides in clear, concise, and pointed language that "[t]here is hereby imposed on the taxable income of every individual * * * a tax determined in accordance with * * * tables" provided in the Internal Revenue Code. All taxpayers with taxable income are generally required by law to file Federal income tax returns. Section 6012. Under sections 6651 and 7203, taxpayers who fail to file may be subject to civil additions to the tax and prosecution for criminal offenses. The matter of filing tax returns and paying taxes is not voluntary. Respondent is authorized under section 6213 to issue notices of deficiency for determined deficiencies and/or additions to tax. It is well settled that the determinations made by respondent *78 in a notice of deficiency are presumed correct; the burden of proof is on petitioner, not respondent, to show that the determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975), cert. denied 423 U.S. 1015 (1973); Rule 142(a). Moreover, this Court generally will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Proesel v. Commissioner,73 T.C. 600, 605 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). The term "taxable income" is defined in section 63(b) generally as adjusted gross income reduced by, among other things, excess itemized deductions. The term "adjusted gross income" is defined in section 62 as gross income less trade and business expenses, long-term capital gains, and various other items of deduction. The term "gross income" is defined in section 61 as all income from whatever source derived *79 including, but not limited to, wages. See Tomburello v. Commissioner,86 T.C. 540, 543 (1986). Petitioner's argument that wages are not taxable income because the basis in his labor equals the amount received for his services was rejected in Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980). The sale of one's labor is not the same as the sale of property. A person's gain from the sale of his labor is the entire amount received for the services performed without any reduction for costs. Wage income, or compensation for services rendered, is taxable in its entirety. Any realized accession to wealth constitutes taxable income. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). The argument that respondent violated the Privacy Act, 5 U.S.C. section 552(a), is without merit. Section 7852(e) expressly provides that the Privacy Act does not apply to cases involving the determination of liability for any tax, addition to tax, or interest. Under section 6213(a), when a notice of deficiency is issued, respondent is prohibited from making an assessment against the *80 taxpayer until the time has expired for filing a petition with this Court. If a petition is filed, the prohibition against assessment continues until a decision by this Court becomes final. We dismiss, therefore, petitioner's argument that he was not assessed prior to issuance of the notices of deficiency. Respondent's determinations of the deficiencies in tax are sustained. Section 6651(a)(1) provides for the imposition of an addition to tax for failure to timely file a return unless such failure is due to reasonable cause and not due to willful neglect. Sections 6653(a)(1) and (2) provide for the imposition of additions to tax for the underpayment of tax due to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proof on these issues. Welch v. Helvering,supra;Knoll v. Commissioner,735 F.2d 1370 (9th Cir. 1984), affg. Catalano v. Commissioner,81 T.C. 8 (1983); Rule 142. Petitioner clearly failed to carry his burden as to each of the additions to tax.Petitioner did not file returns for 1981 and 1982. The only reasons advanced for his failure to file was that he was not required *81 to file, and the compensation he received for his services did not constitute taxable income. We dismiss these as valid reasons against imposition of the additions to tax and accordingly sustain respondent. Respondent requested damages under section 6673. Under that section, this Court is permitted to award damages to the United States in an amount up to $5,000 where the proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceeding is frivolous or groundless. Beard v. Commissioner,82 T.C. 766 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986); Grimes v. Commissioner,82 T.C. 235, 238 (1984); see also Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). Respondent represented to the Court that petitioner was advised on several occasions, prior to trial, that his arguments were frivolous and groundless, and he was subject to possible damages under section 6673. Prior to trial, petitioner and counsel for respondent met in a pre-trial conference and petitioner was given similar admonitions by *82 the Court. Petitioner's situation fits squarely with the observations of the Seventh Circuit in Coleman v. Commissioner,791 F.2d 68, 69 (1986): Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protesters" have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment is unconstitutional, and so on. These beliefs all lead -- so tax protesters think -- to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them. Accordingly, respondent's motion for damages under section 6673 is granted and damages are awarded the United States in the amount of $1,800. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $1,282.00. ** 50% of the interest due on $1,380.00.↩