KENNETH D. ROUGHEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roughen v. Commissioner
Docket No. 2457-84.
United States Tax Court
T.C. Memo 1987-461; 1987 Tax Ct. Memo LEXIS 457; 54 T.C.M. (CCH) 510; T.C.M. (RIA) 87461; September 14, 1987. Kenneth D. Roughen, pro se. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in Federal income tax and additions to tax against petitioner as follows: Additions to Tax
Year
Deficiency
[1] Sec. 6653(a)(1) Sec. 6653(a)(2)
1980
$ 1,888.00
$ 94.40
--
1981
939.00
46.95  50% of interest
due on $ 939.00
The deficiencies *458 are based on the disallowance by respondent of purported charitable deductions made by petitioner to the Universal Life Church, Inc. (ULC, Inc.) in the tax years 1980 and 1981 of $ 8,440 and $ 5,220 respectively. Petitioner filed a timely petition for redetermination of deficiency on January 30, 1984. At the time of filing his petition, petitioner was a resident of South Pasadena, California. After the case was at issue, respondent filed motions for summary judgment and for the award of damages pursuant to section 6673 on December 15, 1986. Arguments thereon were heard at a trial session of the Court in Winston-Salem, North Carolina on February 2, 1987. Pursuant to Rule 121, respondent, the party moving for summary judgment in this case, has the burden of demonstrating that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law. [2]Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land and Development v. Commissioner,71 T.C. 587, 596 (1979). The facts relied upon by respondent must be viewed in the light most favorable to petitioner so that any doubt as to the existence of a genuine *459 issue of material fact will be resolved in favor of denying the motion. Adickes v. Kress & Co., supra;United States v. Diebold, Inc.,369 U.S. 654, 655 (1962). Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present so that the remedy can serve "its salutory purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried." Lyons v. Board of Education of Charleston,523 F.2d 340, 347 (8th Cir. 1975). Finally, petitioner, as the party opposing summary judgment, may not simply rest upon the mere allegations or denials of his pleading; his response, by affidavit or otherwise, must set forth more specific facts showing there is a genuine issue for trial. Rule 121(d). *460 Pursuant to Rule 90, respondent served petitioner with a First Request for Admissions on July 15, 1985. This request was ignored by petitioner, as was a second request mailed by respondent on November 17, 1986. Under Rule 90(c), requests for admissions are deemed admitted unless an answer or objection is served on the requesting party "within 30 days of service of the request * * *." The Court in its discretion may allow a party more than 30 days to respond. Rules 90(c), 25(c). However, a motion to extend the time to file responses must be made prior to the expiration of the 30 days following service of the request. Morrison v. Commissioner,81 T.C. 644, 647 (1983); Freedson v. Commissioner,65 T.C. 333, 334-336 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978). If the time to file responses to the requests for admissions is not extended and no answers or objections to the requests for admissions are filed within the 30 day period, each request is automatically admitted without the entry of an order by the Court. Morrison v. Commissioner, supra at 647; Freedson v. Commissioner, supra at 334. *461 Since petitioner failed to respond to respondent's request for admissions, the following material facts which were contained in respondent's request are established: (a) Petitioner was the specific individual who opened the bank accounts into which the purported charitable contributions were deposited; (b) petitioner had sole signatory power over these accounts during the tax years in issue; (c) petitioner was the only person to make withdrawals from these accounts during the years in issue; (d) petitioner had sole authority to make disbursements from these accounts; and (e) no service, duty, activity or sacredotal function was performed by petitioner for the ULC and/or the local congregation during the taxable years in issue. Deductions, including charitable deductions, are a matter of legislative grace, and taxpayers must satisfy and specific statutory requirements of the deduction they claim. Deputy v. duPont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a). Petitioner bears the burden of establishing his entitlement to the claimed deduction. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). *462 Petitioner has tailed to meet this burden. Section 170 generally allows a deduction for charitable contributions where the taxpayer can prove the following: (1) That the contributions were actually made; (2) that they were made to a qualified tax exempt organization; and (3) that no part of the net earnings of such organization inured to the personal benefit of the taxpayer. Davis v. Commissioner,81 T.C. 806 (1983), affd. by unpublished opinion 767 F.2d 931 (9th Cir. 1985); Miedaner v. Commissioner,81 T.C. 272 (1983). Petitioner's retention of complete dominion and control over the bank accounts into which the purported contributions were deposited precludes a finding that a completed gift was made. Davis v. Commissioner, supra at 817. Thus, whether or not ULC, Inc. is a qualified tax exempt organization is irrelevant. [3] Furthermore, petitioner has not put forth any credible evidence that the payments did not inure to petitioner's personal benefit. Thus, as to the propriety of petitioner's charitable deductions, we conclude that there is no genuine issue as to any material fact and find that respondent is entitled *463 to prevail on this issue as a matter of law. The next issue for decision is whether petitioner is liable for additions to tax under section 6653(a). That section imposes an addition to tax when any portion of an underpayment is attributable to petitioner's "negligence or intentional disregard of rules or regulations (but without intent to defraud), * * *." Petitioner bears the burden of showing that he is not liable for the additions to tax for negligence. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Rule 142(a). The only evidence presented by petitioner on this issue is his own testimony that he believed his deductions were valid. He offers no evidence indicating that he exercised due care in the preparation of the returns in question and has testified that he did not seek any professional advice as to the validity of his claimed deductions. We therefore sustain respondent's determination on this issue. The final issue for decision is whether the United States is entitled to an award *464 of damages under section 6673. That section authorizes this Court to award damages not in excess of $ 5,000 whenever it appears to us that the proceeding has been instituted or maintained primarily for delay, or that a taxpayer's position is frivolous or groundless. An examination of the record in this case clearly indicates that an award of damages is warranted. This Court has faced numerous cases, not unlike petitioner's, involving attempts by taxpayers to use the "pretext of a church to avoid paying their fair share of taxes, * * * [and to] resort to the courts in a shameless attempt to vindicate themselves." Miedaner v. Commissioner, supra at 282. These cases have been uniformly found to be without merit. [4]
After commencing this proceeding, petitioner refused to respond to *465 respondent's discovery requests. His reluctance to meaningfully prepare for trial indicates his purpose in instituting this proceeding was not to resolve issues over which there is genuine controversy, but rather to delay resolution of his tax liability. Petitioner persisted in this course of action even after having been explicitly advised by respondent by letter dated November 17, 1986, that an award of damages would be sought pursuant to section 6673. The letter contained the text of section 6673 along with copies of our opinions in Farrell v. Commissioner,T.C. Memo. 1986-262; Elliott v. Commissioner,T.C. Memo. 1985-493; and Lane v. Commissioner,T.C. Memo. 1985-89. Whatever petitioner's prior state of mind, this letter put him on notice that his argument was meritless and his continued pursuit of this matter was frivolous. Grimes v. Commissioner,82 T.C. 235, 238 (1984), affd. 806 F.2d 1451 (9th Cir. 1986). Petitioner's pursuit of his groundless claim has resulted in an unnecessary expenditure of this Court's time and resources. Consequently, we award damages to the United States under section *466 6673 in the amount of $ 2,500. To reflect the forgoing, Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Rule 121 provides in pertinent part: (a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. * * * (b) Motion and Proceedings Thereon: That motion shall be filed and served in accordance with the requirements otherwise applicable * * * An opposing written response, with or without supporting affidavits, shall be filed within such period as the Court may direct. A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. ↩
3. ULC, Inc. held tax exempt status during the years in issue, but such status was revoked on September 4, 1984. Announcement 84-90, 1984-36 I.R.B. 32↩. 4. See Layden v. Commissioner,T.C. Memo. 1985-372; Rutter v. Commissioner,T.C. Memo. 1985-378; Taylor v. Commissioner,T.C. Memo. 1985-323; Morgan v. Commissioner,T.C. Memo. 1985-280; Beauvais v. Commissioner,T.C. Memo. 1985-204; Green v. Commissioner,T.C. Memo. 1985-200↩.