EUGENE LECOURS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lecours v. Commissioner
Docket No. 42637-84.
United States Tax Court
T.C. Memo 1988-260; 1988 Tax Ct. Memo LEXIS 286; 55 T.C.M. (CCH) 1078; T.C.M. (RIA) 88260; June 20, 1988; As amended June 28, 1988 Eugene Lecours, pro se. [Text Deleted by Court Emendation] *287 Monica E. Koch, for the respondent.
WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION WHALEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax for 1982: Additions
Section
Section
Section
Section
Tax
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
6654
$ 6,818.00
$ 1,043.95
$ 340.90
50% of interest
$ 341.68
due on underpayment
of $ 6,818.00
The issues are: (1) whether wages received by petitioner during 1982 are includible in his gross income under section 61; (2) whether the additions to tax, set forth above, have been properly imposed; and (3) whether damages under section 6673 should be awarded. At the outset, a brief note about the procedural posture of the case is appropriate. On November 30, 1987, petitioner filed a Motion for Summary Judgment Pursuant To Rule 121 in which he argued that his wages are not subject to *288 income tax on the theory that he has a "God-Given and constitutionally-Guaranteed RIGHT" to exist and to sustain himself and that the exercise of such right cannot lawfully be subject to income tax. The motion was heard before the Court on December 7, 1987, and was denied. At that time, the Court explained to petitioner that its denial of the motion did not dispose of his case, and the Court scheduled trial of the case for later that afternoon. Petitioner stated that it would be impossible for him to conduct the trial that day due to the distance over which he would have to bring his evidence. He did not request a continuance, and he acknowledged that he had previously been given notice setting the case for trial on December 7, 1987. In fact, the notice was dated July 2, 1987. Accordingly, trial was held later that day and both petitioner and respondent's counsel appeared and made arguments. FINDINGS OF FACT During 1982, petitioner received wages from Warner Brothers, Inc. ("Warner Brothers") in the amount of $ 26,375.81. He was employed by Warner Brothers to repair heavy equipment. Petitioner filed a Form 1040, Individual Income Tax Return, with respondent for 1982. On *289 such form, he listed his name, address, social security number, occupation, and filing status. Petitioner's name and address appear on the form as, "Rev. Eugene J. LeCours O-S-M, c/o Finance Director, Order of St. Matthew, 2090 Merrick Ave., Merrick, New York 11566." His occupation is listed as "Agent of Religious Order." Petitioner signed and dated the form. The date appearing on the form is April 8, 1983, but it does not appear from the record when the return was actually filed. On line 7 of the Form 1040, "Wages, salaries, tips, etc.," petitioner entered the total amount of wages, $ 26,375.81, which he had received from Warner Brothers during 1982, as reflected on the Form W-2 for 1982 which Warner Brothers had sent to him. Petitioner attached the Form W-2 to his return. On line 25 of the Form 1040, under "Adjustments to Income," petitioner struck through the words printed on the form and typed the words, "Wages nontaxable by reason of taxpayer being agent of Religious Order," and he entered $ 26,375.81 as the amount of the adjustment. Petitioner thus reported zero adjusted gross income on line 32, and zero tax due on line 38. Petitioner then entered the total income tax *290 withholding from his wages, $ 2,642.22, on line 60. He altered line 64 to read "Excess FICA and RRTA tax withheld Vow of Poverty," by partially striking over the words printed on the form, and he entered $ 1,767.18 as the amount of such excess. Petitioner claimed refund of the resulting "amount overpaid," $ 4,409.40. OPINION
Issue 1: Taxability of Wage Income
At trial, petitioner abandoned the theory suggested in his petition that, as an "ordained minister and a member of a religious Order," his wages are not subject to Federal income tax. Petitioner relied solely on his contention that wages do not constitute income under decisions of the Supreme Court interpreting the 16th Amendment and other provisions of the United States Constitution, and hence that the wages he received in 1982 from Warner Brothers are not subject to Federal income tax. We have consistently rejected similar frivolous arguments in the past and do so once again here. E.g., Rowlee v. Commissioner,80 T.C. 1111 (1983). We find that the wages paid to petitioner in 1982 are includible in his gross income for such year and are subject to Federal income tax. Section 61(a)(1); Commissioner v. Glenshaw Glass Company,348 U.S. 426 (1955); *291 Eisner v. Macomber,252 U.S. 189 (1920); Grimes v. Commissioner,82 T.C. 235 (1984), affd. per curiam 806 F.2d 1451 (9th Cir. 1986). Thus, we sustain respondent's determination of a tax deficiency in the amount of $ 6,818.00.
Issue 2: Additions to Tax
Respondent determined the additions to petitioner's 1982 Federal income tax set out above. Petitioner, of course, bears the burden of proving that respondent's determination of each such addition to tax is erroneous. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933); Grimes v. Commissioner, supra.Petitioner presented no evidence to rebut such determinations at trial. They must, accordingly, be sustained and we hereby do so. In the case of the additions determined by respondent under sections 6653(a)(1), 6653(a)(2) and 6654f, there is nothing in the record to suggest that respondent's determinations are incorrect. In the case of the addition determined by respondent under section 6651(a)(1) for failure to file a timely return, the record contains the document filed by petitioner for the year 1982 described above. However, petitioner introduced *292 no evidence or testimony to suggest, contrary to respondent' determination, that such document constitutes a "return" for purposes of section 6651(a)(1). See Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). For example, there is no evidence here to show that there was "an honest and reasonable attempt to satisfy the requirements of the tax law," one of the four requirements for determining whether a document constitutes a "return" in determining the applicability of the addition to tax under section 6651(a)(1). Beard v. Commissioner, supra at 777.
Issue 3: Damages
Respondent has moved for the imposition of damages on petitioner under section 6673. Under such provision, damages in an amount not in excess of $ 5,000.00 shall be awarded "whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay [or] that the taxpayer's position in such proceeding is frivolous or groundless * * *." Petitioner's 1982 income tax return asserts that he realized no taxable income during the year because he was an "agent of Religious *293 Order" and had taken a "Vow of Poverty." The same position is set out in his petition. In passing, we note that the petition appears to be a form petition to which petitioner simply added his name, address and certain other information before filing. Petitioner failed to respond to the request for admissions which respondent served on him on March 27, 1989, more than eight months prior to trial, and he refused to enter into a stipulation of facts with respondent. Petitioner was notified of the trial setting of his case by notice dated July 2, 1987, five months beforehand, but at trial, he presented no evidence to support his theory and, in fact, abandoned it and took the position that wages do not constitute income. Further, in a letter to respondent's counsel dated April 24, 1987, petitioner stated that "[I]t was a mistake on my part to petition the Tax Court and I apologize for wasting your time and the courts [sic] time." Petitioner's course of conduct convinces us that he instituted and maintained this action primarily for purposes of delay. Further, his claims are frivolous and groundless. Accordingly, we award damages to the United States in the amount of $ 1,500.00. *294 To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩