T.C. Memo. 1996-277


UNITED STATES TAX COURT


ED M. FISHER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16104-94.                Filed June 13, 1996.


Ed M. Fisher, pro se.

William R. Davis, Jr., for respondent.


MEMORANDUM OPINION

FAY, Judge:  Respondent determined deficiencies in and
additions to petitioner's Federal income tax as follows:

|       |            | Additions to Tax | |
|       |            | Sec. | Sec. |
| Year  | Deficiency | 6651(a)(1) | 6654 |
| 1989  | $47,209    | $8,552     | $2,820 |
| 1990  | 70,955     | 17,739     | 4,672 |
| 1991  | 38,740     | 9,685      | 2,228 |
| 1992  | 42,101     | 10,525     | 1,836 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The issues for decision after concessions by the parties are:

1. Whether petitioner is liable for tax on income arising from nonemployee compensation for the 1989, 1990, 1991, and 1992 tax years. We hold that he is.

2. Whether petitioner is liable for self-employment tax on his nonemployee compensation during the 1989, 1990, 1991, and 1992 tax years. We hold that he is.

3. Whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file for the 1989, 1990, 1991, and 1992 tax years. We hold that he is.

4. Whether petitioner is liable for additions to tax under section 6654 for failure to pay estimated tax for the 1989, 1990, 1991, and 1992 tax years. We hold that he is.

5. Whether petitioner is liable for a penalty under section 6673. We hold that he is.

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Branson, Missouri. Petitioner was married at all times during

the years in issue.  Petitioner did not file Federal income tax returns for any of the years in issue.

On September 6, 1994, petitioner filed a petition with this Court.  Respondent filed her answer on October 24, 1994.  On December 30, 1994, petitioner filed Petitioner's Motion to Amend Petition.  On January 6, 1995, petitioner filed Petitioner's Amended Petition.

The amended petition concedes the receipt of the dividend and interest income attributed to petitioner in the notice of deficiency.  Petitioner indicates that he received, in 1989, $4,099 in dividend income; in 1990, $57,685 in dividend income and $46 in interest income; in 1991, $65 in interest income; and in 1992, $15 in interest income.

The parties agree that petitioner received the following amounts of nonemployee compensation for the years indicated.[1] Petitioner received $137,600 in nonemployee compensation from AT&T Technologies in 1989.  Petitioner received $165,263 in nonemployee compensation from AT&T Technologies in 1990.  Petitioner received $1,500 in nonemployee compensation from Integral Technologies in 1990.  Petitioner received $97,996 in nonemployee compensation from Southern California Gas in 1991.  Petitioner received $7,760 in nonemployee compensation from Landbase Corp.

---

[1]Petitioner claims that portions of all the amounts received as nonemployee compensation were reimbursement of travel expenses.  However, petitioner, presented no evidence to support such a claim.

in 1991. Petitioner received $6,868 in nonemployee compensation from Geographic General in 1991. Petitioner received $886 in nonemployee compensation from the University of Wisconsin in 1991. Petitioner received $65,639[2] in nonemployee compensation from Xerox Corp. in 1992.

The parties agree that petitioner incurred deductible travel expenses as follows which were not taken into account in the notice of deficiency. In December 1991, petitioner incurred deductible travel expenses of $1,177. Further, during 1992, in connection with his relationship with Xerox Corp., petitioner incurred $7,513 in deductible travel expenses.

On October 30, 1995, this case was called for trial in Denver, Colorado. At trial, petitioner failed to offer any evidence to support his case, documentary or testimonial; instead, he attempted to pursue tax protester arguments that have been long rejected by this Court.

On brief, petitioner argues that the tax respondent is attempting to impose on his nonemployee compensation, earned as a computer systems analyst, is an excise tax for which he is not responsible. Petitioner claims that the Internal Revenue Service, by collecting this excise tax and treating him as a "taxpayer", exceeds its statutory authority. Petitioner's

---

[2]This amount of $65,639 reflects a concession by respondent, who originally asserted that petitioner received $123,538 in nonemployee compensation for the 1992 tax year.

arguments, based on these theories, have no merit. Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). Petitioner's argument that he does not hold the status of "taxpayer" is frivolous. United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986).

Gross income, under section 61, means all income from whatever source derived and includes income realized in any form, whether in money, property, or services. Under section 1.61-1, Income Tax Regs., gross income means all income from whatever source derived, unless excluded by law. Since petitioner was a citizen and resident of the United States and earned his income in the United States, his income comes within the general definition of gross income under section 61. There is no exclusion from taxation for such income. Moreover, under section 7701(a)(1) petitioner was a "person" and was required, under section 6012, to file Federal income tax returns and pay the income tax due thereon. The authority of Congress to impose and collect Federal income taxes from individuals has long been upheld as constitutional. James v. United States, 366 U.S. 213 (1961); O'Malley v. Woodrough, 307 U.S. 277 (1939); Lynch v. Hornby, 247 U.S. 339 (1918).

Petitioner contends that he was a citizen of the Republic of Colorado during the years in issue and not a citizen of the United States. This argument is no more than a stale tax protester contention that has long been dismissed summarily by

this Court and all other courts that have heard such contentions. <u>Rowlee v. Commissioner</u>, <u>supra</u>. Petitioner is a taxpayer and is subject to the income tax laws of the United States. <u>United States v. Sloan</u>, 939 F.2d 499, 501 (7th Cir. 1991); <u>Lovell v. United States</u>, 755 F.2d 517, 519 (7th Cir. 1984). The Court rejects this and other tax protester types of arguments raised by petitioner as being frivolous and without merit.

Petitioner has the burden of proof with respect to the underlying deficiencies and each of the additions to tax. Rule 142(a); <u>Shomaker v. Commissioner</u>, 38 T.C. 192, 202 (1962). Petitioner has not presented any evidence rebutting his liability for the deficiencies and additions to tax determined by respondent. We therefore sustain all of respondent's determinations.

At the trial, respondent made a motion under section 6673(a) asking that we order petitioner to pay the United States a penalty in an appropriate amount. Under section 6673, this Court is permitted to impose a penalty in an amount up to $25,000 where the proceedings have been instituted or maintained by the taxpayer primarily for delay, where the taxpayer's position in the proceeding is frivolous or groundless, or where the taxpayer unreasonably failed to pursue available administrative remedies. <u>Grimes v. Commissioner</u>, 82 T.C. 235, 238 (1984).

The record plainly demonstrates that petitioner well knew that his income was taxable. His arguments have been rejected in many decisions by this Court in the recent past. We conclude

that petitioner is maintaining his action in this Court primarily for delay, and that his position in this proceeding is frivolous and groundless.  Accordingly, a penalty is awarded to the United States in the amount of $5,000.  To reflect concessions,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.