JACK B. KARLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karlin v. Commissioner
Docket No. 32520-88
United States Tax Court
T.C. Memo 1989-464; 1989 Tax Ct. Memo LEXIS 464; 57 T.C.M. (CCH) 1439; T.C.M. (RIA) 89464; August 29, 1989; As corrected September 6, 1989 Jack B. Karlin, pro se. Chris J. *465 Ray, Daniel Morman for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court on respondent's motion for judgment on the pleadings filed pursuant to Rule 120. In this motion, respondent also seeks damages under section 6673. Respondent issued seven notices of deficiency in which the following deficiencies in petitioner's Federal income taxes and additions to tax were determined for the years indicated: Additions to Tax
Section
Section
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
1980
$  8,859.00
$  2,215.00
$   443.00 *
--
$   566.00
--
1981
$  6,011.00
$  1,503.00
$   301.00 **
$   462.00
--
1982
$ 14,368.00
$  3,592.00
$   718.00 **
$ 1,398.00
--
1983
$ 43,897.00
$ 10,974.00
$ 2,195.00 **
$ 2,688.00
--
1984
$ 54,206.00
$ 13,551.50
$ 3,442.30 **
$ 3,449.00
$ 13,548.25
1985
$ 26,396.00
--
$ 1,319.80 **
$ 1,513.00
$  6,599.00
1986
$ 55,583.00
--
$ 2,779.15 *** **
$ 2,700.00
$ 13,895.75
*466 The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to report certain income consisting of self-employed earnings, dividends, interest, rents, partnership income, and a distribution from an Individual Retirement Account. For the years 1980, 1981, and 1982, respondent alleged that petitioner failed to file income tax returns, and the returns for 1983 and 1984 were filed late. The 1985 and 1986 returns were timely filed. At the time the petition was filed, petitioner alleged his legal residence to be in the State of New Jersey. At the hearing on the motion to dismiss, petitioner filed a written statement under Rule 50(c) opposing respondent's motion. Respondent contends that the petition fails to allege justiciable error in respondent's determinations in the notices of deficiency, and the petition fails to allege facts in support of justiciable error, both of which violate *467 Rule 34(b)(4) and (5), which require allegations of error and the facts upon which such errors are based. Petitioner alleged he was a medical doctor, engaged in practice, and was a citizen of the United States, residing in the United States, and earned all his income within the United States during the years in question. He specifically alleged that none of his income was earned outside the United States nor had he ever established residence outside the United States. As such, he contends he "was not engaged in any activity upon which Congress has imposed a tax under the provisions of Subtitle A of the Internal Revenue Code." Petitioner also alleged that he was erroneously characterized by the Internal Revenue Service as a "tax protester" and, as such, was arbitrarily deprived of "equal application of the laws," including the opportunity to be heard at the administrative level in connection with his tax problems which gave rise to this litigation. Petitioner neither denied nor challenged respondent's adjustments in the notices of deficiency. Petitioner appears to be taking the erroneous position that, since he is a United States citizen, and all of his income was earned within *468 the United States, such income is not taxable and only would be taxable as an "excise" tax had he lived abroad and earned such income abroad. Gross income, under section 61, means all income from whatever source derived and includes income realized in any form, whether in money, property, or services. Under section 1.61-1, Income Tax Regs., gross income means all income from whatever source derived, unless excluded by law. Since petitioner was a citizen and resident of the United States and earned his income in the United States, his income comes within the general definition of gross income under section 61. There is no exclusion from taxation for such income. Moreover, under section 7701(a)(1), petitioner was a "person" and, therefore, was required, under section 6012, to file valid Federal income tax returns and pay the income tax due thereon. The authority of Congress to impose and collect Federal income taxes from individuals has long been upheld as constitutional. James v. United States, 366 U.S. 213 (1961); O'Malley v. Woodrough, 307 U.S. 277 (1939); Lynch v. Hornby, 247 U.S. 339 (1918). Petitioner has not alleged *469 a justiciable case with respect to his other allegations. Merely because he was denied an administrative hearing prior to issuance of the notices of deficiency does not invalidate respondent's determinations. This Court generally will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's notices or of the administrative policy or procedures involved in making his determinations. Proesel v. Commissioner, 73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The determinations made by respondent in a notice of deficiency are presumed correct; the burden of proof is on petitioner, not respondent, to show that the determinations are wrong. Imposition of the burden of proof on petitioner is constitutional. Welch v. Helvering, 290 U.S. 111 (1933); Rockwell v. Commissioner, 512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). Rule 34(b)(4) requires a petitioner challenging a notice of deficiency to allege "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination *470 of the deficiency or liability." Rule 34(b)(5) requires petitioner to allege "clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *." Petitioner has not pleaded a case; he has not alleged error nor has he alleged facts in support of any error. Under Rule 120(a), after the pleadings are closed, but within such time as not to delay the trial, either party may move for judgment on the pleadings. Respondent has filed an answer. Additionally, all determinations in the notice of deficiency relate to matters on which petitioner bears the burden of proof. Therefore, since the pleadings are closed, the motion filed herein by respondent is in order. Respondent's motion is granted. Respondent has requested damages under section 6673. Under section 6673, this Court is permitted to award damages in an amount up to $ 5,000 where the proceedings have been instituted or maintained by the taxpayer primarily for delay, where the taxpayer's position in such proceeding is frivolous or groundless, or where the taxpayer unreasonably failed to pursue available administrative remedies. Beard v. Commissioner, 82 T.C. 766 (1984), *471 affd. per curiam 793 F.2d 139 (6th Cir. 1986); Grimes v. Commissioner, 82 T.C. 235, 238 (1984), affd. per curiam 806 F.2d 1451 (9th Cir. 1986); also see Sydnes v. Commissioner, 74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). The record plainly demonstrates that petitioner well knew that his income was taxable. His arguments have been rejected in many decisions by this Court in the recent past. We conclude that petitioner is maintaining his action in this Court primarily for delay, and that his position in this proceeding is frivolous and groundless. Accordingly, damages are awarded to the United States in the amount of $ 5,000, pursuant to section 6673. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). An order and decision will be entered. Footnotes
1. Hereafter, all section references are to the Internal Revenue Code of 1954 as in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. For 1980, the addition to tax is under section 6653(a). ** 50 percent of the interest on the underpayment (deficiency) determined respectively for each year. *** For 1986, the additions to tax are under section 6653(a)(1)(A) and (B).↩