JACK B. KARLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karlin v. Commissioner
Docket No. 5978-90
United States Tax Court
T.C. Memo 1990-496; 1990 Tax Ct. Memo LEXIS 550; 60 T.C.M. (CCH) 795; T.C.M. (RIA) 90496; September 18, 1990, Filed *550 An appropriate order will be issued and decision will be entered for respondent. Jack B. Karlin, pro se. Patricia Y. Taylor and Gary A. Moreland, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This *551 case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 40. [1]
By statutory notice of deficiency dated December 18, 1989, respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6654(a)
1977
$ 26,792.19
$ 1,339.61
$ 489.41
1978
21,319.65
1,065.98
682.70
On March 30, 1990, petitioner timely filed a petition for redetermination of respondent's deficiency determinations. [2] At the time of filing his petition, petitioner resided in Cherry Hill, New Jersey. *552 On May 22, 1990, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted and requested therein that the United States be awarded a penalty under section 6673. On June 28, 1990, petitioner filed a written statement pursuant to Rule 50(c). On July 16, 1990, petitioner filed a motion to defer consideration of respondent's motion to dismiss for failure to state a claim to permit discovery pursuant to Rule 121 [3] (the "discovery motion"). We must first determine whether petitioner's discovery motion should be granted. In his motion, petitioner requests that we defer consideration of respondent's motion to dismiss to permit discovery and, also, that we place the burden of proof on respondent in this case. In support of his motion, petitioner contends that he can establish by deposition that: (1) "proper procedures were not followed in making the deficiency *553 determinations;" (2) "that said determinations are excessive and arbitrary as a matter of Internal Revenue Service policy;" (3) "that petitioner has been arbitrarily labeled as an Illegal Tax Protester;" and (4) "that said determinations have no factual or legal foundation and are neither considerate or thoughtful." Petitioner, in essence, is challenging the procedures used by respondent in arriving at his deficiency determination. It is well established that this Court will generally not explore the underpinnings of a notice of deficiency to examine respondent's administrative policy, motives, procedures, or evidence used in arriving at the determination of a deficiency. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); Karlin v. Commissioner, T.C. Memo. 1989-464. Furthermore, respondent's deficiency determination is presumed to be correct, and petitioner bears the burden of proving that respondent's determinations are erroneous. Welch v. Helvering, 290 U.S. 111 (1933); *554 Karlin v. Commissioner, supra; Rule 142(a). As a result, we will not place the burden of proof on respondent nor will we allow petitioner to explore the underpinnings of respondent's deficiency determination through discovery. Accordingly, petitioner's discovery motion will be denied. We will now determine whether respondent's motion to dismiss for failure to state a claim should be granted. Respondent asserts that this case should be dismissed for failure to state a claim because petitioner has failed to allege in his petition any justiciable errors and merely asserts frivolous constitutional arguments. We agree. The petition in this case is spurious at best. In his petition, petitioner asserts that: (1) as a citizen and resident of the "Republic of the State of New Jersey," it would be constitutionally impermissible to exact a tax from him on income earned within the United States; (2) he is not a member of the class of individuals upon whom Congress has levied a tax upon any activity he was engaged in; (3) the Internal Revenue Service only has authority to enforce the tax laws relating to foreigners and United States citizens earning foreign source income; (4) Congress *555 has never imposed a tax upon income; and (5) he was erroneously classified as a "taxpayer" subject to income tax. Petitioner previously made the same frivolous tax protester arguments in Karlin v. Commissioner, supra.In Karlin, we considered and rejected each of these tax protester arguments. As such, we cannot envision any reason to again refute these arguments with somber reasoning and copious citation of precedent. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). A petition must contain: (1) "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency;" and (2) "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." Rule 34(b)(4) and (5). In the present case, "Petitioner has not pleaded a case; he has not alleged error nor has he alleged facts in support of any error." Karlin v. Commissioner, 57 T.C.M. 1439, 1441, 58 P-H Memo T.C. par. 89,464 at 2227. Any issues not raised in the assignments of errors are deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). *556 Accordingly, respondent's motion to dismiss for failure to state a claim will be granted. In his motion to dismiss, respondent also requested that the United States be awarded a penalty under section 6673. Whenever it appears to the Tax Court that a taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay, a penalty in an amount not in excess of $ 25,000 may be awarded to the United States by the Court in its decision. Sec. 6673(a). [4]
We find that petitioner's conduct impels the awarding of a penalty to the United States under section 6673. Petitioner adamantly continues to raise the same unfounded tax protester arguments that we previously rejected in Karlin v. Commissioner, supra.In that case, we awarded $ 5,000, the maximum amount allowed at that time, to the United States for damages under section 6673. We further note that petitioner has also been *557 prosecuted criminally and was convicted on six counts of willful failure to file income tax returns pursuant to section 7203. See United States v. Karlin, 785 F.2d 90 (3d Cir. 1986). Despite petitioner's criminal conviction and the civil penalties imposed upon him, petitioner has yet to take this Court and the Federal tax laws seriously, but obstinately persists in flaunting his tax protester charade by asserting frivolous, groundless claims in petitions he files in this Court. It is particularly significant that in his petition petitioner states that he "does not place into dispute the fact that he earned fees during the years in question," thereby confirming his receipt of taxable income. See sec. 61. Taxpayers, of course, are entitled to file petitions in this Court contesting respondent's deficiency determinations. Sec. 6213(a). Indeed, this Court presently has before it a significant number of cases that require serious consideration. The time has long passed, however, when this Court will tolerate cases, such as this one, that unduly burden the judicial process and needlessly divert our precious time from the above referred cases involving valid disputes. *558 We simply must not and will not stand by and allow taxpayers, such as petitioner, to deliberately and continually raise frivolous and groundless tax protester arguments in this Court. Petitioner persists in making frivolous, groundless tax protester arguments that have been consistently rejected by this Court and other courts. Therefore, respondent's request for a penalty under section 6673 will be granted and the United States will be awarded $ 15,000. An appropriate order will be issued and decision will be entered for respondent. Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue.↩
2. The notice of deficiency issued on December 18, 1989, was sent to petitioner's former address. Upon return of that notice to respondent by the U.S. Postal Service, respondent remailed the notice by letter dated January 5, 1990. In that letter respondent states that "You have 90 days from the date of this letter to contest this deficiency by filing a petition with the U.S. Tax Court." Hence, the Court has jurisdiction to determine this case.↩
3. We note that Rule 121 is inapplicable in this case. Consequently, petitioner's motion was improperly labeled.↩
4. As amended by sec. 7731 of the Omnibus Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106.↩