T.C. Memo. 1995-560

UNITED STATES TAX COURT

JOHN S. BLACK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11571-95.              Filed November 27, 1995.

John S. Black, pro se.

<u>Peter Reilly</u> and <u>Paul L. Dixon</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

(continued...)

This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40.  John S. Black (petitioner) resided in Las Vegas, Nevada, at the time that the petition was filed in this case.

Respondent's Notices of Deficiency

By separate notices, each dated March 24, 1995, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years 1991 and 1992 as follows:

| | | Additions to tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1991 | $3,844 | $601.50 | $128.38 |
| 1992 | 6,067 | 714.00 | 109.01 |

The deficiency in income tax for 1991 is based on respondent's determination that petitioner failed to report on an income tax return for the taxable year 1991:  (1) Wages from three separate payors in the amounts of $5,568, $3,265, and $9,411, respectively; (2) unemployment compensation in the amount of $6,973; (3) short-term capital gains in the amount of $3,488; and (4) dividend income in the amount of $5.  The deficiency in income tax for 1992 is based on respondent's determination that petitioner failed to report on an income tax return for the taxable year 1992:  (1) Wages in the amount of $34,481; and (2) unemployment compensation in the amount of $3,036.  The additions

---

[1](...continued)

to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file timely income tax returns for 1991 and 1992 was not due to reasonable cause.  The additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay the requisite amount of estimated income taxes for each of the years in issue.[2]

Petitioner's Petition and Amended Petition

Petitioner filed an imperfect petition for redetermination on June 26, 1995, attaching thereto the first page of the two notices of deficiency described above.  The imperfect petition states:

> I WOULD LIKE TO PETITION THIS NOTICE OF DEFICIENCY AND
> ALL OF THE OTHER LIENS (LIES) & CRIMINAL ACTS THAT THE
> INTERNAL REVENUE SERVICE HAS COMMITTED AGAINST ME.
> IF YOU PEOPLE OPERATE LIKE THE "GESTAPO" TYPE
> INDIVIDUALS THAT I HAVE BEEN DEALING WITH IN THE PAST--
> THIS TOO IS A WASTE OF TIME, BECAUSE THE "TAX COURT"
> HAS TO BE WHY THE TERM [deletion in original]
> ORIGINATED IN THE FIRST PLACE.
> UNTIL YOU RETURN THE PROPERTY THAT HAS BEEN STOLEN FROM
> ME I SEE NO REASON TO DEAL WITH YOU ON ANY LEVEL.
> ACCORDING TO YOUR OWN CODE--SECTION 7806(b)
> CONSTRUCTION OR TITLE--THE INTERNAL REVENUE CODE HAS
> "NO LEGAL EFFECT."

A legend is stamped on the petition just above petitioner's signature which states:  "With express reservation of all my

---

[2]  The notices of deficiency indicate that petitioner is entitled to prepayment (withholding) credits in the amounts of $1,438 and $3,211 for the taxable years 1991 and 1992, respectively.

rights in law, equity and all other natures of law. 'Without Prejudice' UCC 1-207".[3]

On June 28, 1995, the Court issued an Order directing petitioner to file a proper amended petition on or before August 28, 1995. On August 30, 1995, petitioner filed an amended petition using a petition form furnished by the Court. Although paragraph 1 of the amended petition states that petitioner disagrees with tax deficiencies for the years 1984 through 1992, the items listed in paragraph 3 of the amended petition identifying the specific amounts in dispute are limited to the deficiencies and additions to tax set forth in the deficiency notices for 1991 and 1992.[4] Paragraph 4 of the amended petition provides in its entirety as follows:

> AS Reads $6,067.00 SHOULD BE 00  AS READS $823.00
> SHOULD BE 0
> AS READS $3,844.00 SHOULD BE -0-  AS READS $730.00
> SHOULD BE -0-
> Disagreement is based on I.R.C. Sections 3121(a)(7)(A)
> and 3121 (b)(3)(B) and refundable under I.R.C. Section
> 3503. Also see Subsection 7806(b) I.R.C. 6343(a)(D)

Respondent's Rule 40 Motion and Subsequent Developments

---

[3] We understand this citation to refer to sec. 1-207 of the Uniform Commercial Code. That section is entitled "Performance or Acceptance Under Reservation of Rights" and the current version thereof appears as Nev. Rev. Stat. sec. 104.1207 (1993).

[4] Respondent states that she is unaware of any notices of deficiency or collection actions pending against petitioner other than the notices of deficiency for 1991 and 1992. Under the circumstances, we conclude that the Court's jurisdiction in this case is limited to petitioner's liability for the taxable years 1991 and 1992.

On September 14, 1995, respondent filed the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted that is presently pending before the Court. In her motion respondent contends, inter alia, that the amended petition includes "no allegations of justiciable error as to the adjustments to taxable income made by the respondent."

On September 18, 1995, the Court issued an order directing petitioner to file a second amended petition on or before October 10, 1995. In particular, the Court directed that the second amended petition should set forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. The Order also served to notify petitioner that respondent's motion would be called for hearing at the Court's Motions Session to be held in Washington, D.C., on October 18, 1995.

Petitioner did not comply with the Court's Order dated September 18, 1995. Rather, on October 16, 1995, petitioner filed a Rule 50(c) statement repeating the allegations set forth in his original imperfect petition.[5]

_____

[5] The heart of petitioner's Rule 50(c) statement provides as follows:

> I see no reason to submit an AMENDED claim because everything was listed on the original filing. I was under the false impression that the TAX COURT was a LEGITIMATE COURT, however, further research revealed

(continued...)

Respondent's motion to dismiss was called for hearing in Washington, D.C., on October 18, 1995. Counsel for respondent appeared at the hearing and presented argument on her motion. Petitioner did not appear at the hearing.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See

---

[5](...continued)
that in all reality the TAX COURT could be the real reason that the term [expletive deleted] originated in the American language. The only thing legal about you bunch of COMMON CRIMINALS and would be KILLERS is whatever concept of law that exists is whatever is in your sick minds. I will pursue this matter at a later date because I don't have time at the moment for any of your little mind games. This is submitted without prejudice under common law and all other forms of law.

Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The petition and amended petition filed in this case do not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. At best, petitioner's arguments amount to nothing more than tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from those documents that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's Orders dated June 28, 1995, and September 18, 1995, provided petitioner with opportunities to assign error and allege specific facts concerning his liability for the taxable years in issue. Unfortunately, petitioner failed to properly

respond to the Court's orders.  Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric.  See Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496.

We see no need to catalog petitioner's contentions and painstakingly address them.  We have dealt with many of them before.  E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).  Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  The short answer to petitioner's arguments is that he is not exempt from Federal income tax or from the imposition of appropriate additions to tax.  See Abrams v. Commissioner, supra at 406-407.

Because petitioner's pleadings do not state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss.  See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

We turn now, on our own motion, to the award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was never interested in disputing the merits of either the deficiencies in income taxes or the additions to tax as determined by respondent in the notices of deficiency.  Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner's position, as set forth in the petition and amended petition and as amplified by his Rule 50(c) statement, consists solely of tax protester rhetoric and legalistic gibberish.  Based on well-established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay.  Having to deal with this matter wasted the Court's time, as well as respondent's.  Moreover, taxpayers with

genuine controversies were delayed.  Under the circumstances herein, a penalty is warranted under section 6673(a).

In view of the foregoing, we will sua sponte exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $1,000.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

In order to reflect the foregoing,

An order and decision will be entered granting respondent's motion to dismiss and imposing a penalty upon petitioner pursuant to section 6673(a)(1).