T.C. Memo. 2001-285

UNITED STATES TAX COURT

TERRY L. LINDSAY, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3486-01L.                    Filed October 15, 2001.

Terry L. Lindsay, pro se.

Julie A. Fields, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This case is based on a petition filed under section 6320(c), which incorporates the provisions for judicial review contained in section 6330(d)(1).  Respondent has filed a motion for summary judgment pursuant to Rule 121,[1] alleging that

--------

[1]Unless otherwise indicated, all section references are to
                                        (continued...)

no genuine issue of material fact remains for trial.  At the time petitioner filed his petition to this Court, he resided in Salinas, California.

On August 14, 2000, respondent filed a Notice of Federal Tax Lien, Form 668(Y)(c), with the County Recorder of Monterey County, Salinas, California.  The lien was filed with respect to unpaid income taxes of $10,239.52 for taxable years 1990, 1991, 1992, 1993, and 1994.[2]  On August 18, 2000, respondent issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, Letter 3172 (ALS), to petitioner.  The notice informed petitioner of his right to a hearing before the IRS Appeals Office.  On September 21, 2000, petitioner filed a timely Form 12153, Request for a Collection Due Process Hearing.  Attached to petitioner's Form 12153 was a 12-page document in which petitioner raised challenges to the lien filing.

---

[1](...continued)
the Internal Revenue Code currently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner did not file tax returns for taxable years 1990 through 1994.  Petitioner has addressed several letters to members of the Federal Government arguing that the 16th Amendment was fraudulently certified as ratified by the States, and the IRS is without the constitutional power to assess and collect taxes. These arguments, as articulated by petitioner, have been correctly described as tax protester gibberish.  See Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); Williams v. Commissioner, 114 T.C. 136, 144 (2000); Nagy v. Commissioner, T.C. Memo. 1996-24; Black v. Commissioner, T.C. Memo. 1995-560; Olsen v. Commissioner, T.C. Memo. 1995-471; Pabon v. Commissioner, T.C. Memo. 1994-476.

On January 30, 2001, a hearing was held before an IRS Appeals officer. On February 14, 2001, a notice of determination was sent to petitioner by the Appeals Office. The notice of determination stated: (1) A certified transcript was reviewed which shows that the assessments exist; (2) petitioner cannot dispute the underlying tax liability since a notice of deficiency was received; (3) all legal and administrative requirements for the proposed action have been met; and (4) balancing of the efficient collection of taxes with petitioner's privacy interests weighed in favor of the lien filing. On March 14, 2001, petitioner filed a timely petition to the Tax Court.

Section 6321 imposes a lien on all property and property rights of a taxpayer where a demand for the payment of taxes has been made and the taxpayer fails to pay those taxes. A lien is imposed when an assessment of taxes is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of a lien if it is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.

Section 6320 was added to the Code in 1998, along with its sister provision, section 6330. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746. Section 6320(a) requires the Secretary to send a written notice to the taxpayer of the filing of a notice of lien

and of his right to a hearing.[3]  Section 6320(b) affords the taxpayer the right to a fair hearing before an impartial Appeals officer.  Section 6320(c) incorporates the provisions under section 6330(c), (d), and (e).  Section 6330(c)(1) requires the Appeals officer to verify that the requirements of any applicable law or administrative procedure have been met.  Section 6330(c)(2)(A) specifies issues that the taxpayer may raise at the Appeals hearing.  The taxpayer is allowed to raise any relevant issue relating to the unpaid tax including spousal defenses, challenges to the appropriateness of collection action, and alternatives to collection.  Sec. 6330(c)(2)(A).  The taxpayer cannot raise issues relating to the underlying tax liability if the taxpayer received a notice of deficiency or the taxpayer otherwise had an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Section 6330(d)(1) allows the taxpayer to appeal a determination to the Tax Court or a district court.

Respondent argues that there are no genuine issues of material fact in this case, and, therefore, we should grant his motion for summary judgment.  Respondent claims that petitioner received a notice of deficiency, and, therefore, the underlying

---

[3]Generally, a Notice of Federal Tax Lien, Form 668(Y)(c), is filed with an appropriate local Government entity and gives public notice of the Federal Government's lien on the taxpayer's property.  A Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, Letter 3172 (ALS), is then sent to the taxpayer.

tax liability cannot be raised in the hearing or in the Tax Court proceeding. Respondent argues that petitioner effectively conceded the Appeals officer's determination that petitioner received a notice of deficiency by failing to raise the issue in the petition. Respondent also argues that petitioner has conceded the issues that may be raised under section 6330(c)(2)(A), since he did not raise those issues in the petition or at the hearing. Further, respondent contends that the validity of the assessments has already been verified by a Form 4340, Certificate of Assessments and Payments, which could be relied on by an Appeals officer to satisfy his verification function under section 6330(c)(1).

We shall grant a motion for summary judgment where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party, respondent, to prove the nonexistence of a genuine issue as to any material fact and that he is entitled to judgment as a matter of law. FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In all cases, we must view the facts and inferences therefrom in the light most favorable to the nonmoving party, petitioner. Bond v. Commissioner, 100 T.C. 32,

36 (1993); <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985).
When a motion for summary judgment is made, the nonmoving party
cannot rely upon the allegations or denials in its pleading but
must demonstrate with specific facts that there is a genuine
issue for trial. <u>King v. Commissioner</u>, 87 T.C. 1213, 1217
(1986); <u>Shepherd v. Commissioner</u>, T.C. Memo. 1997-555.

In his petition to this Court, petitioner raises no
discernable issues, except to argue generally that he disagreed
with the determination of the Appeals officer and that the
determination was not complete and was erroneous. The petition
states:

> 1. Petitioner disagrees with the determination under
> §§6230 and/or 6330 alleged for the year: 1990, 1991,
> 1992, 1993, and 1994 as set forth in the NOTICE OF
> DETERMINATION CONCERNING COLLECTION ACTION(S) which is
> dated <u>FEB. 14, 2001,</u> * * * and NOTICE OF FEDERAL TAX
> LIEN * * *
>
> 2. Petitioner taxpayer identification number is: * * *
>
> 3. Petitioner disputes the following:

| | AMOUNT OF<br>DEFICIENCY | ADDITIONS TO TAX/<br>PENALTIES-I.R.C. |
|---|---|---|
| | | [interest disputed &<br>penalties disputed] |
| Years | (disputed) | |
| 1990 | $1403.16 | $Unknown |
| 1991 | $3241.50 | $Unknown |
| 1992 | $427.57 | $Unknown |
| 1993 | $1787.47 | $Unknown |
| 1994 | $3379.82 | $Unknown |

> 4. Set forth those adjustments, i.e. changes, in the
> FINAL NOTICE OF INTENT TO LEVY with which you disagree
> and why you disagree: Respondent erred in its
> administrative procedure against petitioner in issuing

the notice of levy pursuant to §6331.[4]

Request is made that this matter be transferred to the appeals branch of the IRS on the grounds that the information supporting the notice of levy is not complete and is erroneous.  SEE EXHIBIT "A" FOR ADDITIONAL INFORMATION * * *

EXHIBIT "A"
DEMAND IS MADE THAT THE TAX COURT TRANSFER THIS CASE TO THE APPELLATE DIVISION OF THE IRS ON THE GROUNDS THAT THIS TAXPAYER HAS BEEN DENIED DUE PROCESS OF LAW, AND HAS A SUBSTANTIAL CLAIM UNDER THE "NEW" TAXPAYER BILL OF RIGHTS, AGAINST THE AGENT AND THE IRS, PLUS OTHER CAUSES OF ACTION THAT HAVE NOT BEEN FULLY DETERMINED AS OF THE PRESENT DATE

AVOIDANCE AND/OR AFFIRMATIVE DEFENSES
PETITIONER ALLEGES AS AN AVOIDANCE AND/OR AFFIRMATIVE DEFENSE EACH OF THE FOLLOWING THAT HAVE BEEN MARKED BY AN "X" ON THE LINE BEFORE THE ITEM LISTED:

| | |
|---|---|
| X | RES JUDICATA |
| X | ESTOPPEL |
| X | WAIVER |
| X | DURESS |
| X | FRAUD |
| X | STATUTE OF LIMITATIONS |
| X | INVALID NOTICE OF INTENT TO LEVY NOT COMPLYING WITH THE TAX CODE PROVISIONS |
| X | FAILURE TO PROVIDE FREEDOM OF INFORMATION ACT DOCUMENTS AND MATERIALS NECESSARY FOR PETITIONERS TO PREPARE FOR TRIAL |
| | FAILURE OF RESPONDENT TO "FULLY COOPERATE" AS PROVIDED BY THE STANDING ORDER |
| | FAILURE OF RESPONDENT TO EXHAUST ADMINISTRATIVE REMEDIES, NO PRIOR CONTACT |
| X | LACHES |

---

[4]We point out that there is no indication in the record that respondent issued a Notice of Intent to Levy under sec. 6331(d), gave a Notice of Levy to any third parties, or otherwise initiated a levy action.  On the contrary, the only notices in the record are the Notice of Federal Tax Lien filed with Monterey County and the Notice of Federal Tax Lien Filing sent to petitioner.  We assume, therefore, that petitioner is referring to those notices in his petition.

| | |
|---|---|
| __X__ | THE "CLEAN HANDS" DOCTRINE (UNCLEAN HANDS OF RESPONDENT) |
| __X__ | ILLEGALITY |
| __X__ | FAILURE OF JURISDICTION OVER PETITIONER |
| _____ | DISCHARGE IN BANKRUPTCY |
| _____ | OTHER_____ |

A petition filed under section 6330(d)(1)(A) must contain "Clear and concise assignments of each and every error". Rule 331(b)(4). Further, "clear and concise lettered statements of the facts on which the petitioner bases each assignment of error" must be contained in the petition. Rule 331(b)(5). If any issue is not raised in the petition, it "shall be deemed to be conceded." Rule 331(b)(4). Further, the prayer for relief shall be set forth in the petition. Rule 331(b)(6). Petitioner was not represented by counsel at the time he filed his petition. Petitioner, nevertheless, has an obligation to comply with the Rules of this Court. The broad and general issues that petitioner raised do not even come close to complying with those Rules.[5] In any event, the issues that petitioner presented throughout the proceedings in this case do not raise a genuine issue of material fact.

At the Appeals hearing, petitioner attempted to challenge the underlying tax liability. Specifically, petitioner argued

---

[5]In his petition, petitioner presents a laundry list of defenses to his tax liability and to the proposed collection activity. Petitioner alleged no facts in support of those defenses in his petition, in the Appeals hearing, or in documents submitted to IRS Appeals or this Court. Our review of the record shows that the defenses pleaded by petitioner have no merit.

that the Notice of Federal Tax Lien listed the "Kind of Tax" to be collected as a "1040". Petitioner contended that there was no 1040 tax under the Code, and, therefore, any such tax cannot be legally collected and any payment would be voluntary. Further, in the attachment to the Form 12153, petitioner argued that the presumption normally afforded a Form 4340, Certificate of Assessments and Payments, should not apply where the notice sent to him shows the kind of tax assessed as a 1040.

While it is true that a 1040 is not a tax under the Code, Form 1040, U.S. Individual Income Tax Return, is recognized by tax professionals and laymen alike as the form filed generally to report income tax, which is a tax under the Code. Petitioner's challenges to the underlying tax liability and the assessment of taxes on this basis do not present a genuine issue of material fact.

In any event, the underlying tax liability is not an issue that can be raised at the hearing if the taxpayer has received a notice of deficiency. See sec. 6330(c)(2)(B). Although there was some dispute in the hearing as to whether petitioner "received" notices of deficiency for taxable years 1990, 1991, 1992, 1993, and 1994, or refused to accept them,[6] he failed to

---

[6]At the Appeals hearing, petitioner argued that he did not receive the notices of deficiency for the underlying tax liabilities. The notices of deficiency were sent by certified mail to petitioner's last known address; however, the notices
(continued...)

raise the issue either in the petition or in his response to respondent's summary judgment motion and memorandum which did discuss that issue. We find that petitioner has conceded the specific issue of whether he received the notices of deficiency.[7] It follows, then, that the underlying tax liability need not be addressed in our review of the determination. See Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Petitioner's principal argument in the Form 12153 and at the Appeals hearing was: Whether the IRS recorded an assessment against petitioner as required by section 6203 and section 301.6203-1, Proced. & Admin. Regs., and whether the Appeals officer was required to present him with a Form 23C, Assessment

---

[6](...continued)
were not accepted and some were returned with the address obliterated and with the notation "Return to Sender not at this address". See sec. 6212(a) and (b)(1). Petitioner argued at the hearing that the notices must be actually received to be valid.

[7]Similarly, in Davis v. Commissioner, 115 T.C. 35, 39 (2000), the taxpayer failed to present any allegations or facts in his petition to this Court so as to raise the issue of whether a notice of deficiency was received. We stated:

Petitioner does not allege that he did not receive a notice of deficiency for the tax liabilities in issue, nor does he allege that he did not have an opportunity to contest the deficiency determinations. Because petitioner failed to aver the facts specified in section 6330(c)(2)(B), which are required to put the underlying tax liability in issue, petitioner's underlying tax liability is not properly before the Court. [Citation omitted.]

Certificate, which is the summary record of assessment.[8] The Appeals officer informed petitioner that a Form 4340 was sufficient to verify that the taxes were properly assessed. The Appeals officer showed petitioner the Form 4340, which clearly showed that the assessment of taxes was in fact made and explained to petitioner its significance.

In Davis v. Commissioner, 115 T.C. 35 (2000), the taxpayer involved argued that a "valid" summary record of assessment did not exist because he was not given a Form 23C. We held that the Appeals officer could rely on a Form 4340 to verify that a valid assessment existed. Id. at 40-41. Since the taxpayer did not point to any irregularity in the assessment procedure, we granted respondent's motion for a judgment on the pleadings. Id. at 41.[9]

---

[8]Sec. 6203 requires the Secretary to record a liability of the taxpayer and to furnish a copy of the record of assessment to the taxpayer on request. Sec. 301.6203-1, Proced. & Admin. Regs., provides that an assessment officer shall make the assessment and sign a "summary record of assessment". This record "through supporting records" shall identify the taxpayer, the character of the liability, the taxable period, and the amount of the assessment.

[9]Form 4340, Certificate of Assessments and Payments, provides presumptive evidence that an assessment has in fact occurred. See Nicklaus v. Commissioner, 117 T.C. ___, ___ (2001) (slip op. at 8); Davis v. Commissioner, supra at 40; Wylie v. Commissioner, T.C. Memo. 2001-65. Nevertheless, it is not conclusive and further examination may be required in some instances where the taxpayer points to an irregularity. See, e.g., Huff v. United States, 10 F.3d 1440, 1446 (9th Cir. 1993) (where the assessment date did not appear on Form 4340). But, in a case such as this, where the taxpayer presents no evidence of an irregularity, the presumption remains applicable. See Hughes
(continued...)

The same is true of this case: The Appeals officer verified that the assessments were made with a Form 4340, and petitioner has presented no evidence of any irregularity in the assessment procedure. No genuine issue of material fact has been presented.

Petitioner also argued in the Form 12153 attachment that he did not receive a notice and demand for payment as required under section 6303.[10] It is not apparent from that attachment whether petitioner was challenging the physical "receipt" of the notice or the validity of the notice received. In any event, petitioner did not raise the issue at the Appeals hearing, in his petition to this Court, or in his response to respondent's motion for summary judgment. We must, therefore, find that the issue was conceded. See Nicklaus v. Commissioner, 117 T.C. ___, ___ (2001) (slip op. at 6 n.4).

Petitioner contended throughout the hearing that he could not present a defense because he was not given a set of procedures governing the Appeals hearing and the presentment of issues therein. Attached to the notice given to petitioner of his right to a hearing under section 6320 was Publication 1660

---

[9](...continued)
v. United States, 953 F.2d 531, 535 (9th Cir. 1992).

[10]Sec. 6303(a) requires the Secretary to send a notice of assessment of a tax and a demand for payment within 60 days after the assessment is made. "Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address." Sec. 6303(a).

that described his appeal rights and invited him to raise issues, including the issues referred to in the relevant statutes.  The Appeals officer encouraged petitioner on multiple occasions to simply raise the issues he wanted to present, noting that the hearing was intended to be informal and no formal set of procedures governed the hearing.  Petitioner was nonresponsive and renewed the same argument on numerous occasions throughout the hearing.  In Davis v. Commissioner, supra at 41-42, we emphasized that the hearing process was informal, did not require testimony under oath, and did not require the compulsory attendance of witnesses or the production of documents.  See also Wylie v. Commissioner, T.C. Memo. 2001-65.  The Appeals officer did not abuse his discretion in not giving to petitioner a set of procedures governing the hearing.

Finally, in his response to respondent's motion for summary judgment, petitioner suggests that the notice of determination is invalid because the Appeals Office failed to make a proper and complete record of the hearing.  However, attached to petitioner's response to respondent's motion is what petitioner purports to be a transcription from a cassette tape recording of the Appeals hearing.  We have considered the contents of this document.  On the basis of the record, we conclude that the hearing requirements were met and that our judicial review

function is fulfilled with the record we have been presented with.

Petitioner also argues that respondent's motion for summary judgment is premature and that he is entitled to make additional discovery. In some cases, additional discovery is warranted before a motion for summary judgment is granted, however, we do not believe this is such a case. Petitioner did not provide any explanation as to how additional discovery could be of assistance to him, nor did he submit an affidavit under Rule 121 setting forth the reasons why he could not respond to respondent's motion without additional discovery.[11] Petitioner has made only one request for discovery. On October 1, 2001, petitioner filed a request for the following admissions of fact:

> 1. Do you admit that the February 14, 2001 determination letter signed by Appeals Team Manager, Robert Spooner, makes the summary statement of verification of compliance with "all applicable laws and procedures."
>
> 2. Do you admit that Respondent refuses to provide Petitioner a copy of the Administrative file which counsel for Respondent has had to prepare his case?
>
> 3. Do you admit that the date of the Notice of Federal Tax Lien is dated August 14, 2000?

Whether or not these requested admissions are true, we find that

---

[11]See also <u>Guthrie v. Sawyer</u>, 970 F.2d 733, 738 (10th Cir. 1992) (interpreting rule 56(f) of the Federal Rules of Civil Procedure); <u>United States v. McCallum</u>, 970 F.2d 66, 71 (5th Cir. 1992) (same). Rule 121 is in large part derived from F.R.C.P. 56. <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 216 (1986).

they would not present a genuine issue of material fact in this case.  Petitioner's conduct throughout the proceedings, and the issues he has raised therein, suggests that any further discovery would be utilized for purposes of delay.  We do not agree with petitioner that summary judgment is premature.

On the basis of the record, and considering all facts and circumstances, we find that there are no genuine issues of material fact presented in this case.  Accordingly, we shall grant respondent's motion for summary judgment.

<u>An appropriate order and decision will be entered for respondent</u>.