T.C. Memo. 2002-41

UNITED STATES TAX COURT

ANDREW HEISEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1220-01.               Filed February 12, 2002.

P did not file Federal income tax returns for
1996, 1997, and 1998.  R issued a notice of deficiency
for those years, in which he determined deficiencies,
as well as additions to tax under secs. 6651(a)(1) and
(2) and 6654, I.R.C.  P does not dispute the receipt of
compensation and sale proceeds in the amounts
determined by respondent.  However, P contends that the
Federal income tax is in the nature of an excise tax
and that he is not engaged in any taxable excise
activities.

<u>Held</u>:  Compensation and gain from the sale of
property are taxable as income in the year received.
P's arguments to the contrary are frivolous.

<u>Held</u>, <u>further</u>, the additions to tax under secs.
6651(a)(1) and 6654, I.R.C., are sustained.

<u>Held</u>, <u>further</u>, sec. 6651(a)(2), I.R.C., provides
an addition to tax where a taxpayer fails "to pay the
amount shown as tax on any return".  The addition to

tax under sec. 6651(a)(2), I.R.C., does not apply unless there was an unpaid tax that was shown on a return.  Since no returns were filed and the record does not show that substitute returns were prepared, the sec. 6651(a)(2), I.R.C., addition to tax does not apply.

Held, further, we shall impose a penalty of $2,000 on petitioner pursuant to sec. 6673(a)(1), I.R.C.


Andrew Heisey, pro se.

Matthew A. Mendizabal, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


RUWE, Judge:  Respondent issued a notice of deficiency to petitioner in which he determined the following Federal income tax deficiencies and additions to tax:

| Year | Deficiency | Additions to tax | | |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1996 | $13,852.00 | $3,116.70 | $2,839.66 | $737.27 |
| 1997 | 12,637.00 | 2,843.33 | 1,832.37 | 676.10 |
| 1998 | 54,133.00 | 11,488.95 | 4,340.27 | 2,320.88 |

The issue for decision is whether petitioner is liable for the deficiencies and additions to tax determined by respondent.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time petitioner filed his petition, he resided in San Jose, California.

Petitioner received $72,821, $54,086.38, and $57,575.69 in wages from Contract Services Co. during 1996, 1997, and 1998, respectively. Federal income tax of $3,071.14 was withheld from petitioner's wages from Contract Services Co. in 1998; no Federal income taxes were withheld in 1996 and 1997. Petitioner received $9,410 and $17,740 in nonemployee compensation from Acorn Product Development, Inc., during 1997 and 1998, respectively. On December 9, 1998, petitioner sold a single family residence located at 2716 Morrene Drive, Placerville, 95667 for $112,500. Petitioner was the owner of this property immediately prior to its sale.

Petitioner did not file Federal income tax returns for 1996, 1997, or 1998. Respondent issued a notice of deficiency to petitioner, and petitioner filed a petition with this Court.

OPINION

A. Income Tax Deficiencies

Section 61(a)[1] includes within the definition of gross income, "all income from whatever source derived" including compensation for services and gains derived from dealings in property. See United States v. Connor, 898 F.2d 942, 943 (3d

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Cir. 1990); <u>United States v. Richards</u>, 723 F.2d 646, 648 (8th Cir. 1983); <u>Grimes v. Commissioner</u>, 82 T.C. 235, 237 (1984).

Petitioner does not contest the amounts of compensation and gain upon which respondent based his deficiency determinations. Indeed, with minor exceptions, petitioner stipulated that he received the amounts determined by respondent for the tax years at issue.[2] However, petitioner argues that the income tax is an excise tax and that petitioner did not engage in any taxable excise activities during 1996, 1997, and 1998.

The contentions made by petitioner in his petition and on brief are appropriately termed "tax protester rhetoric and legalistic gibberish", and we shall not dignify such arguments with any further discussion.[3] <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1418 (5th Cir. 1984); <u>Lindsay v. Commissioner</u>, T.C. Memo. 2001-285; <u>Black v. Commissioner</u>, T.C. Memo. 1995-560. We hold that petitioner's wages, nonemployee compensation, and gain from

---

[2]The only amounts of income in respondent's determinations that were not stipulated were $275 of wages in 1996 and $263 of wages in 1997. Respondent requested that petitioner admit or deny that he received those amounts as taxable income in taxable years 1996 and 1997. Petitioner objected to those requests as legal conclusions, but he does not dispute that he received those amounts as wages during the years at issue.

[3]In <u>Hart v. Commissioner</u>, T.C. Memo. 2001-306, the taxpayer raised similar arguments; i.e., that "The income tax is an 'excise tax', and he did not engage in any 'excise taxable activity'". We rejected the taxpayer's contention that he owed no income taxes on the wages he received.

the sale of property are taxable income and that the deficiencies determined by respondent are correct.

B. Section 6651(a)(1) Addition to Tax for Failure To File Return

Section 6651(a)(1) provides for an addition to tax in the case of a failure to file a return on or before the specified filing date.  Section 6651(a)(1) does not apply if the failure to file is due to reasonable cause and not to willful neglect.  Sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).  Petitioner bears the "heavy burden" of proving that the failure to file did not result from willful neglect and that the failure was due to reasonable cause.  United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner has not shown that his failure to file was attributable to reasonable cause; therefore, we sustain the section 6651(a)(1) additions to tax as determined by respondent.

C. Section 6651(a)(2) Addition to Tax for Failure To Pay Tax

Respondent determined additions to tax for tax years 1996, 1997, and 1998 pursuant to section 6651(a)(2) for failure to pay tax shown on a return.  Section 6651(a)(2) provides:

SEC. 6651.  FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) Addition to the Tax.--In case of failure--

        *    *    *    *    *    *    *

(2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time

for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate * * *  [Emphasis added.]

On brief, respondent's only argument with respect to the section 6651(a)(2) addition to tax is as follows:

I.R.C. § 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the return. The addition to tax consists of an addition to the amount required to be shown as tax on the return of .5% added for each complete month or part of a month in which the failure to file continues, up to the maximum of 25%.  Since petitioner did not file federal income tax returns for the 1996, 1997 and 1998 taxable years and did not make payment sufficient to pay the amount of tax that was to be reported on the returns, petitioner is liable for the addition to tax for Failure to Pay.  [Fn. ref. omitted.]

Respondent's contentions provide an insufficient basis upon which to assert the section 6651(a)(2) addition to tax and misstates the requirements of that section.  Section 6651(a)(2) is imposed on the underpayment of the amount of tax shown on a return.  The parties in this case stipulated that "Petitioner did not file 1996, 1997 or 1998 U.S. Individual Income Tax Returns, (Form 1040)."  Given this stipulation and the absence of any additional evidence indicating the existence of a "return",[4] we hold that

---

[4]We are aware of sec. 6651(g), which deals with the effect of a sec. 6020(b) substitute return on sec. 6651(a)(2).  See Smith v. Commissioner, T.C. Memo. 2000-290 ("A return prepared by
(continued...)

the section 6651(a)(2) addition to tax cannot be sustained.  <u>Watt v. Commissioner</u>, T.C. Memo. 1986-22.[5]

In the notice of deficiency, respondent applied section 6651(c)(1), which limits the addition under section 6651(a)(1) by the amount of the addition under section 6651(a)(2) for any month to which an addition applies under both of those provisions. Since we have found that the additions to tax under section 6651(a)(2) are inapplicable, the additions to tax under section 6651(a)(1) should not have been adjusted.

D. Section 6654 Addition to Tax for Failure To Pay Estimated Tax

Section 6654(a) provides for an addition to tax in the case of any underpayment of estimated tax.[6]  Section 6654(a) does not

---

[4](...continued)
the Commissioner under sec. 6020(b) is treated as a return filed by the taxpayer for returns due after July 30, 1996, for purposes of sec. 6651(a)(2)").  The evidence in the instant case does not show that a substitute return was filed for the years at issue. Respondent stated in his trial memorandum that the examination in this case began on Sept. 5, 2000.  Since the examination began after July 22, 1998, sec. 7491(c) applies and places the burden of production with respect to additions to tax upon respondent.

[5]The additions to tax under secs. 6651(a)(1) and (2) apply to different amounts:  Sec. 6651(a)(1) applies to amounts required to be shown on a return, whereas sec. 6651(a)(2) applies to the amount actually shown on a return which remains unpaid. See <u>Estate of Rauhoff v. Commissioner</u>, T.C. Memo. 1982-494; sec. 301.6651-1(f), <u>Example</u> (<u>1</u>), Proced. & Admin. Regs.  Congress recognized this in enacting sec. 6651(g) and in providing two different standards under subsections (a)(1) and (2) of sec. 6651.

[6]We have jurisdiction over the sec. 6654(a) additions to tax in this case because income tax returns were not filed for the
(continued...)

apply in certain circumstances, see <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980); however, petitioner has not shown that he falls within any of those exceptions. <u>Chambers v. Commissioner</u>, T.C.. Memo. 2000-218, affd. 17 Fed. Appx. 688 (9th Cir. 2001); sec. 301.6651-1(f), <u>Example</u> (<u>1</u>), Proced. & Admin. Regs. We hold that petitioner is liable for the section 6654(a) additions to tax determined by respondent.

E. Section 6673(a)(1) Penalty

Respondent requests that we impose a penalty pursuant to section 6673(a)(1). Under section 6673(a)(1), we may impose a penalty not to exceed $25,000 if the taxpayer's position is "frivolous or groundless".

Petitioner's only argument is that the income tax is an excise tax and that petitioner was not engaged in a taxable excise activity. Those contentions are patently frivolous. See <u>Hart v. Commissioner</u>, T.C. Memo. 2001-306. Accordingly, we shall impose upon petitioner a penalty of $2,000.

> <u>Decision will be entered for</u> <u>respondent except for the</u> <u>additions to tax under section</u> <u>6651(a)(2) which do not apply</u>.

---

[6](...continued) tax years at issue. Sec. 6665(b)(2); <u>Hart v. Commissioner</u>, T.C. Memo. 2001-306.